AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

15 CV 03639

OPHER HENDERSON,
*Plaintiff*

v.          Civil Action No.

CITY OF NEW YORK, et al.,
*Defendant*

JUDGE SCHEINDLIN

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

City of New York
100 Church Street
New York, NY 10007

Detective Emily Rivera
One Police Plaza
New York, NY 10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: MAY 11 2015

*Signature of Clerk or Deputy Clerk*

JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OPHER HENDERSON,

                    Plaintiff,

    -against-

CITY OF NEW YORK,
DETECTIVE EMILY RIVERA,
POLICE OFFICER JOHN JOHN DOE #1,
POLICE OFFICER JOHN DOE #2,
POLICE OFFICER JOHN DOE # 3,
POLICE OFFICER JANE DOE #4,
POLICE OFFICER JANE DOE #5,
the names of the Police Officers being
fictitious and presently unknown to plaintiff,
but intended to represent the individual Police
Officers and Supervisor Police Officers involved
as described below,

                    Defendants.
------------------------------------------------------------X

15 CV 03639

Verified Complaint

Index No.

JURY TRIAL DEMANDED



RECEIVED
MAY 11 2015
U.S.D.C. S.D. N.Y.
CASHIERS

    Plaintiff, by her attorneys, Harry I. Katz, P.C., as and for her Verified Complaint, respectfully alleges as follows:

## PARTIES

1. Plaintiff is a resident of the City, County and State of New York.

2. At the time herein mentioned, defendant City of New York was a municipal corporate authority authorized, organized and existing under the laws of the State of New York in the City, County and State of New York.

3. Upon information and belief, at the time herein mentioned, defendant Police Officers John Doe 1, John Doe 2, John Doe 3, Jane Doe 4 and Jane Doe 5 were employees of defendant City of New York in the City, County and State of New York.

4. Upon information and belief, at the time herein mentioned, defendant Detective Emily Rivera was an employee of the defendant City of New York.

5. Upon information and belief, at the time herein mentioned, the defendant City of New York operated and controlled a police department and employed servants, agents and employees.

## JURISDICTION

6. The amount in controversy herein exceeds the amount of $75,000.00, exclusive of costs and interest.

7. This Court has jurisdiction in this matter as it relates to Federal Statutes including violation of plaintiff's civil rights.

## VENUE

8. Venue is proper in this District under 28 U.S.C. § 1391(a)(2).

9. Upon information and belief, at the time herein mentioned, the defendant City of New York operated and controlled a police department and employed servants, agents and employees, including police officers and superior police officers.

10. Upon information and belief, at the time herein mentioned, the defendant City of New York, operated and controlled a police department and employed servants, agents and employees, including Detective Emily Rivera, Police Officer John Doe #1, Police Officer John Doe #2, Police Officer John Doe #3, Police Officer Jane Doe #4 and Police Officer Jane Doe #5, the names of the Police Officers being fictitious and presently unknown to plaintiff, but intended to represent individual Police Officers involved as set forth herein.

11. Upon information and belief, at the time herein mentioned, defendants[1] were employed as Police Officers by the City of New York.

12. Upon information and belief, at the time herein mentioned, the police defendants were acting within the scope of their employment with the City of New York.

13. On June 26, 2014, a Notice of claim was filed with the Comptroller of the City of New York on behalf of the plaintiff.

14. On or about June 30, 2014, the defendant disallowed the claim as being "late."

15. On or about July 30, 2014, plaintiff filed a Notice of Petition to File a Late Notice of Claim.

16. On or about January 2, 2015, the Supreme Court of the State of New York granted plaintiff's petition to file a late Notice of Claim (see Order attached).

17. On January 30, 2015, a Notice of Claim was filed with the Comptroller of the City of New York on behalf of the plaintiff.

18. The plaintiff has duly complied with the pre-requisites for the commencement of an action of this kind by duly serving upon the Comptroller of the City of New York, a duly verified Notice of Claim and Intention to Sue, and that more than thirty (30) days have expired since service of same, and that the defendant has failed, refused and neglected to adjust the said claims, and these claims remain unadjusted, and unpaid, and that this action is being commenced within

---

[1] As used herein, the term "defendant" refers individually to each Police Officer defendant and to the City of New York unless otherwise stated.

the time permitted by law.

19. Defendants have waived a hearing pursuant to 50-h(2) of the General Municipal Law as no hearing has been requested of plaintiff by the municipal corporate authorities within 90 days of the filing of the Notice of Claim.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## FOR FALSE ARREST AND UNLAWFUL IMPRISONMENT

20. Plaintiff repeats each allegation above as though fully set forth herein at length.

21. On January 21, 2014, defendant arrested the plaintiff.

22. On January 21, 2014, at a approximately 6:25 a.m., plaintiff was lawfully at the premises located at 3333 Broadway, Apartment E7E, in the City, County and State of New York.

23. On January 21, 2014, the defendant conducted a search of plaintiff's person.

24. The aforementioned search was illegal.

25. On January 21, 2014, the defendant arrested the plaintiff.

26. On January 21, 2014, the defendant falsely arrested the plaintiff.

27. On January 21, 2014, the defendant handcuffed the plaintiff.

28. On January 21, 2014, the defendant took the plaintiff to the 25th Police Precinct, in the County, City and State of New York.

29. On January 21, 2014, the defendant took the plaintiff in custody to a detention facility at the 25th Precinct, in the County of Bronx, City and State of New York.

30. One of the arresting officers was Detective Emily Rivera, Shield No. 2334.

31. Upon information and belief, plaintiff was charged with criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.

32. The defendant continued to prosecute the plaintiff and the plaintiff had to make Court appearances to defend against the charges.

33. On January 21, 2014, plaintiff was fingerprinted.

34. On January 21, 2014, plaintiff was photographed.

35. On January 21, 2014, plaintiff was interrogated.

36. The aforementioned arrest and detention were without probable cause.

37. Plaintiff was charged with crimes.

38. On January 21, 2014, the defendant seized plaintiff.

39. On January 21, 2014, the defendant seized plaintiff without probable cause to believe she had committed any violation of law.

40. On January 21, 2014, defendant handcuffed plaintiff.

41. On January 21, 2014, defendant searched plaintiff.

42. On January 21, 2014, defendant made the plaintiff strip to her undergarments and then strip searched her.

43. Plaintiff was imprisoned for approximately 24 hours.

44. Plaintiff was falsely imprisoned for approximately 24 hours.

45. Plaintiff did not contribute to the aforesaid occurrence by any act of provocation on her part.

46. Plaintiff did not contribute to the aforesaid occurrence by any wrongful act on her part.

47. Plaintiff did not contribute to the aforesaid occurrence by any act of negligence on her part.

48. Upon information and belief, at the time herein mentioned, the police officers were acting in the scope of their employment with the City of New York.

49. Upon information and belief, at the time herein mentioned, certain of the police officers involved in plaintiff's arrest were supervisors.

50. On May 22, 2014, all charges against plaintiff were dismissed.

51. Upon information and belief, at all times herein mentioned, the police officers involved were acting in their official capacities as police officers for the defendant.

52. The defendant City of New York is responsible for the acts of its servants, agents and/or employees in the discharge of their duties.

53. The defendant City of New York is responsible for the acts of its police officers while they are acting within the scope of their employment as police officers.

54. The defendant City of New York is responsible for the acts of its servants, agents and/or employees in the commission of torts.

55. The defendant City of New York is responsible for the acts of its police officers in the commission of torts.

56. By reason of the foregoing, plaintiff suffered mental anguish, embarrassment, harassment, legal fees, loss of reputation, both present and future, and future loss of earnings, all to her damage in an amount of Five Million ($5,000,000) Dollars; plaintiff further seeks punitive and exemplary damages and is entitled to punitive and exemplary damages.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
FOR ASSAULT AND BATTERY

57. Plaintiff repeats each allegation above as though fully set forth herein at length.

58. On January 21, 2014, the above mentioned date, the defendant assaulted plaintiff.

59. On January 21, 2014, the defendant grabbed plaintiff.

60. On January 21, 2014, the defendant harassed plaintiff.

61. On January 21, 2014, the defendant used force against plaintiff.

62. On January 21, 2014, the defendant used excessive force against plaintiff.

63. On January 21, the defendant physically abused plaintiff.

64. By reason of the foregoing, plaintiff suffered personal injury with attendant pain and suffering; has suffered and will in the future suffer personal injury and psychological and emotional injury, and pain and suffering; has been and will in the future be deprived of the substantial enjoyment of life; has and will in the future be required to expend monies and incur obligations for medical, hospital and other health care treatment, all to her detriment in an amount of Five Million ($5,000,000) Dollars, and is further entitled to punitive and exemplary damages.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF FOR NEGLIGENCE

66. Plaintiff repeats each allegation above as though fully set forth herein at length.

67. Upon information and belief, at all times herein mentioned, Detective Emily Rivera and the Officers "John Does" and "Jane Does" were under the supervision of the defendant.

68. Upon information and belief, at all times herein mentioned, Detective Emily Rivera and Police Officers "John Does" and " Jane Does" were acting in their official capacity as police supervisors.

69. Defendants failed to stop the acts of their subordinates.

70. Police Officers "John Does" and "Jane Does" failed to stop the acts of their subordinates.

71. Police Officers "John Does" and "Jane Does" were negligent in their supervision of the other police officers.

72. The foregoing was caused by the negligence of the defendants, their servants, agents and/or employees, in failing to supervise and/or adequately supervise; in failing to train and/or adequately train their police officers and superior police officers; in failing to have a sufficient number of police officers and/or superior police officers present; in failing to take steps to avoid this occurrence; in failing to promulgate and/or enforce reasonable rules and regulations dealing with use of force and/or dealings with civilians not involved in criminal activity in the place where a police operation is in progress; in failing to monitor and/or adequately monitor the activities of the police officers involved; in negligently hiring its personnel; in failing to take steps to avoid this occurrence; and were otherwise negligent.

73. By reason of the foregoing, plaintiff suffered personal injury with attendant pain and suffering; has suffered and will in the future suffer personal injury and psychological and emotional injury, and pain and suffering; has been and will in the future be deprived of the substantial enjoyment of life; has and will in the future be required to expend monies and incur obligations for medical, hospital and other health care treatment, all to her detriment in the amount of Five Million ($5,000,000.00); and is further entitled to punitive and exemplary damages.

AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
FOR VIOLATION OF FEDERALLY PROTECTED CIVIL RIGHTS
42 U.S.C. § 1983

74. Plaintiff repeats each allegation above as though fully set forth herein at length.

75. Plaintiff is a citizen of the United States.

76. Plaintiff was, at all times herein mentioned, within the jurisdiction of the United States.

77. Upon information and belief, the aforementioned conduct of the police officers was condoned by the City of New York.

78. Upon information and belief, the aforementioned conduct of the police officers was approved by the City of New York.

79. Upon information and belief, the aforementioned conduct of the police officers was in accordance with the custom and practice of the City of New York by its Police Department.

80. At all times herein mentioned, defendant acted under color of the laws of the State of New York.

81. At all times herein mentioned, defendant acted under color of the statutes, ordinances, regulations, customs and/or usages of the State of New York.

82. Plaintiff was thereby deprived of his rights under the United States Constitution.

83. Plaintiff was thereby deprived of her rights under the United States Constitution and laws.

84. Plaintiff was thereby deprived of her rights under the Fourth Amendment to the United States Constitution.

85. Plaintiff was thereby deprived of her rights under the Fifth Amendment to the United States Constitution.

86. Plaintiff was thereby deprived of her rights under the Fourteenth Amendment to the United States Constitution.

87. Plaintiff was thereby deprived of her penumbral rights under the United States Constitution.

88. Defendant thereby violated 42 U.S.C. § 1983.

89. As a result of the foregoing, plaintiff was deprived of the rights, privileges and immunities secured by the Constitution and the laws of the United States, suffered physical and emotional injury, and incurred medical and legal expenses, all to her damage in an amount which exceeds the jurisdictional limitations of all courts of inferior jurisdiction which would otherwise have jurisdiction hereof and punitive and exemplary damages and is further entitled to reasonable attorney's fees under 42 U.S.C. § 1988.

WHEREFORE, plaintiffs demands judgment in each of his four causes of action in the amount of Five Million ($5,000,000) Dollars, together with legal fees in defense of his criminal action and together with attorney's fees in this action as provided by statute, together with the costs and disbursements of this action.

Dated: Fresh Meadows, New York
      April 28, 2015

Yours, etc.,

HARRY I. KATZ, P.C.

VICTORIA L. WEINMAN
(vlw4041)
Attorney for Plaintiffs
61-25 Utopia Parkway
Fresh Meadows, NY 11365
(718) 463-3700

STATE OF NEW YORK )
)s.s.:
COUNTY OF QUEENS )

_Opher Henderson_ being duly sworn deposes and says:

Deponent is the plaintiff in the within action and has read the foregoing

_Complaint_

and knows the contents thereof, that the same are true to deponent's own knowledge, except as to the matters therein started to be alleged on information and belief and as to those matters deponent believes them to be true.

_[signature]_

Sworn to before me this _28th_ day of _April_, 201_5_

_[signature]_
Notary Public

**JOANN EVERS**
**Notary Public, State of New York**
**No. 01EV4988644**
**Qualified in Queens County**
**Commission Expires November 12, _2017_**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OPHER HENDERSON,

Plaintiff(s),

-against-

CITY OF NEW YORK, et al.,

Defendant(s).

CIVIL COVER SHEET/ SUMMONS IN A CIVIL ACTION/VERIFIED COMPLAINT

**HARRY I. KATZ, P.C.**
Attorney for Plaintiff(s)
Office and Post Office Address, Telephone
61-25 Utopia Parkway
Fresh Meadows, New York 11365
(718) 463-3700
(718) 886-3410 (Fax)

To:
Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated:

Attorney(s) for